UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| gpac, LLP,<br><br>                              Plaintiff,<br><br>    vs.<br><br>Michael Linder and CyberCoders, Inc.,<br><br>                              Defendants. | Court File No. 4:21-cv-04198-LLP<br><br><br><br>**CYBERCODERS, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS**<br><br>**(JURY TRIAL DEMANDED)** |

Defendant CyberCoders, Inc. ("CyberCoders"), as and for its Answer, Affirmative and Additional Defenses to the Complaint of Plaintiff gpac, LLC ("Plaintiff"), states and alleges as follows:

### Count 1: Breach of Contract (Employee)

1. Upon information and belief, Defendant CyberCoders admits that Plaintiff is based in Lincoln County, South Dakota. Defendant CyberCoders lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the Complaint and, accordingly, denies any and all such allegations.

2. Defendant CyberCoders admits, upon information and belief, the allegations contained in Paragraph 2 of the Complaint.

3. Defendant CyberCoders admits, upon information and belief, that Linder signed an Account Executive Employment Agreement ("Employment Agreement"). Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 3 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 4 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 5 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 6 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and denies any allegations in Paragraph 7 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant CyberCoders states that Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant CyberCoders denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and denies any allegations in Paragraph 9 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 10 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and denies any allegations in Paragraph 11 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and denies any allegations in Paragraph 12 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 13 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant CyberCoders lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint and, accordingly, denies any and all such allegations.

15. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 15 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant CyberCoders denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant CyberCoders denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant CyberCoders denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant CyberCoders denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant CyberCoders denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant CyberCoders denies the allegations contained in Paragraph 21 of the Complaint.

**Count 2: Misappropriate of Trade Secrets (Defendants)**

22. Defendant CyberCoders restates and incorporate its responses to the allegations contained in Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Defendant CyberCoders states that Paragraph 23 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendant CyberCoders denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant CyberCoders states that Paragraph 24 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendant CyberCoders denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant CyberCoders states that Paragraph 25 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendant CyberCoders denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant CyberCoders denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant CyberCoders denies the allegations contained in Paragraph 27 of the Complaint.

### Count 3: Tortious Interference (New Employer)

28. Defendant CyberCoders restate and incorporate their responses to the allegations contained in Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Defendant CyberCoders states that the Employment Agreement is a document or writing that speaks for itself and deny any allegations in Paragraph 29 of the Complaint that vary, contradict, or are inconsistent with such document or writing. Defendant CyberCoders denies any and all remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant CyberCoders states that Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant CyberCoders deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendant CyberCoders denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant CyberCoders denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant CyberCoders denies the allegations contained in Paragraph 33 of the Complaint.

### Count 4: Unfair Competition (Defendants)

34. Defendant CyberCoders restates and incorporates its responses to the allegations contained in Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Defendant CyberCoders denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant CyberCoders denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant CyberCoders denies the allegations contained in Paragraph 37 of the Complaint.

### Count 5: Punitive Damages (Defendants)

38. Defendant CyberCoders restates and incorporates its responses to the allegations contained in Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Defendant CyberCoders denies the allegations contained in Paragraph 39 of the Complaint.

40. Unless otherwise expressly admitted herein, Defendant CyberCoders denies each and every allegation contained in the Complaint.

### Prayer for Relief

41. Plaintiff's unnumbered Prayer for Relief and Wherefore provisions, and each of their subparts as detailed in Paragraphs A through I thereof, contain requests for relief, allegations, and conclusions of law to which a response is not required. To the extent that a response may be required, Defendant CyberCoders denies that Plaintiff is entitled to any of the requested relief whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff. Defendant CyberCoders denies any and all remaining factual allegations set forth in the unnumbered Prayer for Relief and Wherefore provisions.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by its failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

3. To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, its claims for relief are barred.

4. Plaintiff's claims are barred in whole or in part because Plaintiff failed, or refused and/or neglected, to mitigate or avoid any damages or injuries it claims to have suffered.

5. Plaintiff's request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm.  Plaintiff has an adequate remedy at law.

6. Plaintiff's claims are barred in whole or in part by the equitable defenses of laches, waiver, ratification, estoppel, and/or unclean hands.

7. Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Defendant CyberCoders.

8. Plaintiff's Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

9. Plaintiff's claims fail because the restrictive covenants it seeks to enforce under the Employment Agreement are not compliant with Colorado law, and therefore unenforceable.

10. Plaintiff's claims fail because the restrictive covenants it seeks to enforce under the Employment Agreement are unenforceable under South Dakota law.

11. Pending the conclusion of further discovery and investigation, Defendant CyberCoders respectfully reserve the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

## COUNTERCLAIMS AGAINST gpac, LLC

Counter-Plaintiff CyberCoders, Inc. ("Claimant"), as and for its counterclaims against Counter-Defendant gpac, LLP ("gpac"), states and alleges as follows:

## NATURE OF ACTION

1. This action arises under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-02 arising from Linder's desire and intent to enter into and continue an employment relationship with CyberCoders. Linder, who terminated his employment with gpac, signed an Account Executive Employment Agreement ("Employment Agreement") with gpac. gpac now claims that the Employment Agreement prevents Linder from commencing or continuing employment with CyberCoders or taking other lawful employment actions based on the vague, overbroad, and unenforceable restrictive covenants contained in the Employment Agreement. gpac has filed a lawsuit seeking to enforce the restrictive covenants in the Employment Agreement, including by injunction, that, if granted, will prevent Linder from working in his chosen profession in any capacity anywhere in the United States and will effectively force Linder to leave entirely the industry in which he has worked for years.

2. By this action, Claimant respectfully requests that this Court declare the Employment Agreement's restrictive covenants to be unlawful and unenforceable and enjoin gpac from taking further actions to illegally stifle competition and improperly interfere with CyberCoder's employment relationship with Linder.

## PARTIES

3. Linder is a natural person and citizen of the State of Colorado.

4. CyberCoders is California company with its principal place of business located in Irvine, California. CyberCoders is authorized to conduct business and currently conducts business in the State of South Dakota.

5. gpac is a South Dakota limited liability partnership with its principal place of business in Lincoln County, South Dakota. Pursuant to gpac's publicly available Annual Report filing, gpac has two partners: 1) Ryan Good and 2) Matthew Good. Both partners state their residence as 116 W 69th Street, Suite 200, Sioux Falls, South Dakota 57108.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The claims asserted in this counterclaim and third-party claim are related to gpac's claims against CyberCoders and Linder in this action and so form part of the same case or controversy.

7. Venue is proper under 28 U.S.C. § 1391(b) because gpac is a citizen of this District and conducts business in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District. Venue is also proper in this District pursuant to the Forum Selection clause contained in the Employment Agreement between Linder and gpac that is the subject of this matter. *See* Compl. Ex. A at ¶ 17.1.

## BACKGROUND

### CyberCoders, Inc.

8. Headquartered in Irvine, California, CyberCoders is a leading nationwide permanent placement recruiting firm that fills tens of thousands of positions in every industry including technology, engineering, construction, manufacturing, accounting, finance, mortgage, healthcare, and biotech.

9. CyberCoders uses proprietary recruiting technology, Cyrus, and its collaboration among 250 recruiters to deliver qualified candidates fast from anywhere in the U.S.

**Linder's Employment at gpac and the Employment Agreement**

10. Headquartered in Sioux Falls, South Dakota, gpac is a staffing and recruiting company that—according to its website—operates in a variety of industries including accounting, agriculture, architecture, construction, education, energy, engineering, finance, funeral services, healthcare, insurance, legal services, life sciences, manufacturing, marketing, retail, real estate, transportation, veterinary, and waste management.

11. In or about January 2019, Linder was hired by gpac to work as an Account Executive.

12. The Employment Agreement includes the following "Non-Solicitation Covenant":

> For a period of two years following the effective date of the termination of the Employee's employment, the Employee shall not, in the course of the personnel placement service business, solicit or provide services to any client, interim employee or candidate or solicit for employment or employ any interim employee or candidate, who resides in the United States and who contacted the Company or had been contacted by the Company for personnel placement service business and shall not assist, directly or indirectly, any other person other than the Company in doing so, provided that the Company remains in the personnel placement service business in the United States.

Compl. Ex. A, ¶ 9.

13. The Employment Agreement also includes the following "Restrictive Covenants" ("Non-Competition Agreement"):

> 10.1 For a period of two years following the effective date of termination of Employee's employment, and provided the Company continues to remain in the personnel placement service business, the Employee shall not:
>
> 10.1.1 engage in the activities of an Account Executive, outside sales representative, coordinator, research assistant, project coordinator, manager, or trainer in the personnel placement services business within a two hundred mile radius of the Office, any Remote Office, or any Home;
>
> 10.1.2 provide any personnel placement services to any person or company who or which is located within a two-hundred-mile radius of the Office, any Remote Office, or any Home.

10

Compl. Ex. A, ¶ 10.

14. The Employment Agreement defines "Personnel placement service business" as "both permanent and interim placement service business and all other personnel services and functions and related services." Compl. Ex. A, ¶ 1.6.

15. The Employment Agreement defines "Permanent personnel placement service business" as "the business of finding positions of employment for persons, locating personnel for clients, and related activities." Compl. Ex. A, ¶ 1.4.

16. The Employment Agreement defines "Home" as "any location which is the employee's primary residence at any time while the employee is employed by the Company." Compl. Ex. A, ¶ 1.3.

17. For the entire duration of his employment at gpac, Linder resided in Colorado, where he continues to reside to date.

### Linder's Current Employment at CyberCoders, Inc.

18. Linder applied for and was hired as a Recruiter at CyberCoders.

19. Linder began employment with CyberCoders in or about October 2021.

20. On or about October 21, 2021, gpac filed a lawsuit against Linder and CyberCoders, alleging Linder is in violation of an Account Executive Employment Agreement ("Employment Agreement") he entered into with gpac. gpac also asserted claims against CyberCoders claiming that CyberCoders is interfering with Linder's Employment Agreement by hiring and continuing to employ Linder.

21. gpac asserts the Employment Agreement is wholly enforceable, and will not withdraw its claims against Linder or CyberCoders unless CyberCoders terminates the employment of Linder.

22. CyberCoders believes the Employment Agreement, including any restrictive covenant, is overbroad, unenforceable, and unlawful under both South Dakota and Colorado law.

## COUNT I– DECLARATORY JUDGMENT

23. Complainant restates and incorporates the allegations contained in Paragraphs 1-22 of the Counterclaim as though fully set forth herein.

24. Restrictive covenants like those purporting to be contained in the Employment Agreement are disfavored, and strictly and narrowly construed, under South Dakota and Colorado law.

25. The Employment Agreement and Restrictive Covenants purport to be governed by South Dakota law.  South Dakota Codified Law § 53-9-8 provides that "[a]ny contract restraining exercise of a lawful profession, trade, or business is void to that extent, except as provided by §§ 53-9-9 to 53-9-12, inclusive."

26. South Dakota Codified Law § 53-9-11 provides that:

> [e]xcept as otherwise provided in § 53-9-11.1, an employee may agree with an employer at the time of employment or at any time during employment not to engage directly or indirectly in the same business or profession as that of the employer for any period not exceeding two years from the date of termination of the agreement and not to solicit existing customers of the employer within a specified county, first- or second-class municipality, or other specified area for any period not exceeding two years from the date of termination of the agreement, if the employer continues to carry on a like business therein.

27. Colorado Codified Law § 8-2-113 provides that:

> "Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void, but this subsection (2) shall not apply to:
>
> (a) Any contract for the purchase and sale of a business or the assets of a business;
> (b) Any contract for the protection of trade secrets;
> (c) Any contractual provision providing for recovery of the expense of educating and training an employee who has served an employer for a

          period of less than two years;

    (d)    Executive and management personnel and officers and employees who constitute professional staff to executive and management personnel.

28.    This Court has the power to construe contracts under the Declaratory Judgments Act, 28 U.S.C. § 2201(a), which provides that:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

29.    A real, actual, and substantial controversy exists between Claimant and gpac, who have adverse legal interests. The controversy is substantial due to its impact on commerce generally and on Claimant and Linder specifically. The Employment Agreement, as well as gpac's Complaint and request for injunctive in this mater, purport to prevent Linder from engaging in certain lawful employment practices, including any employment for CyberCoders. As outlined below, Claimant seeks a declaration that Employment Agreement's Restrictive Covenants, including the Non-Solicitation Covenant and Non-Competition Agreement, are unlawful and that Claimant's actions are not in violation or interfering thereof.

30.    The Non-Solicitation Covenant purports to impermissibly prohibit Linder from soliciting *prospective* clients, *prospective* interim employees, or *prospective* candidates of gpac in violation of South Dakota law.

31.    The Non-Solicitation Covenant purports to impermissibly prohibit Linder from *accepting*—as opposed to actively soliciting—clients, interim employees, or candidates of gpac in violation of South Dakota law.

32. The Non-Solicitation Covenant purports to impermissibly prohibit Linder from soliciting or accepting, clients, interim employees, or candidates (and prospective of the same), with which *he had no prior contact*, in violation of South Dakota law.

33. The Non-Solicitation Covenant's definition of "Permanent personnel placement services business" is overbroad and in violation of South Dakota law.

34. The Non-Solicitation Covenant does not contain a specific geographic limitation as required by South Dakota law.

35. The Non-Competition Agreement's definition of "Permanent personnel placement services business" is overbroad and in violation of South Dakota law.

36. The Non-Competition Agreement does not contain a geographic limitation that comports with South Dakota law, including the purported limitation preventing Linder from working in his chosen profession in any capacity within a two-hundred-mile radius of his home.

37. The Employment Agreement and Restrictive Covenants purports to restrict the right of Andersen to receive compensation for performance of skilled labor in violation of Colorado law.

38. Linder's employment at CyberCoders is not in the same business or profession as his employment at gpac and, accordingly, Linder's employment is not in competition with gpac.

39. Accordingly, Linder's employment at CyberCoders is not in violation of the Non-Competition Agreement.

40. Any alleged confidential information Linder had access to while employed at gpac does not constitute a trade secret under relevant South Dakota, or Federal law, including without limitation because any information to which Linder had access while employed with gpac does

not have any independent economic value and because gpac did not take reasonable efforts to maintain the secrecy of such information.

41. Moreover, the generalized information to which Linder had access to while employed at gpac is not protectable as a trade secret under relevant South Dakota, Colorado, or Federal law.

42. CyberCoders has not used or disclosed, and is not in possession of, any trade secrets that are owned by gpac.

**WHEREFORE**, Defendant CyberCoders respectfully request the Court enter judgment against gpac as follows:

1. For a declaratory judgment that the Employment Agreement's Non-Solicitation Covenant and Non-Competition Agreement are invalid and unenforceable as written;

2. For a declaratory judgment that Linder's employment with CyberCoders is not in the same business or industry as gpac, is not in competition with gpac, and is not in violation of the Non-Competition Agreement;

3. For a declaratory judgment that any alleged confidential information Linder had access to while employed at gpac does not constitute a trade secret under relevant South Dakota, Colorado, or Federal law and that the generalized information to which Linder had access while employed at gpac is not protectable as a trade secret under relevant South Dakota, Colorado, or Federal law.

4. For a preliminary and permanent injunction prohibiting gpac's unfair competition by enjoining and preventing gpac from:

      a)      Enforcing the Employment Agreement's Non-Solicitation Covenant and Non-Competition Agreement in a court or tribunal in South Dakota or in any foreign State.

      b)      Seeking an injunction in a court or tribunal in South Dakota or any foreign state to the extent such injunction would prevent Linder's ability to be employed in her current (or similar) capacity at CyberCoders;

5. For an award of compensatory damages;

6. For prejudgment interest on all damages awarded; and

7. For an award of costs, disbursements, and attorneys' fees as allowed by law.

## JURY TRIAL DEMAND

Defendant CyberCoders demands a trial by jury on all issues so triable in the case.

Date:  November 30, 2021

/s/ David J. Goldstein
David J. Goldstein (SD #4281)
dgoldstein@littler.com
Jeremy D. Sosna (MN #290233) (Request for Admission *Pro hac vice* Forthcoming)
jsosna@littler.com
Lauren E. Clements (MN #0390019) (Request for Admission *Pro hac vice* Forthcoming)
lclements@littler.com

LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone:  612.630.1000

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF CYBERCODERS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

*/s/ David J. Goldstein*

David J. Goldstein
4861-6196-5828.1 / 100716-1006